Michelle R. Press, SBN 163637
Danica Lam, SBN 266710
**WILSON, ELSER, MOSKOWITZ,**
 **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Plaintiff
STATE NATIONAL INSURANCE CO., INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE NATIONAL INSURANCE CO., INC., | ) Case No: |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR** |
| | ) **DECLARATORY RELIEF AND** |
| | ) **REIMBURSEMENT** |
| CHRIS FITZSIMONS; CCFDCY I, LLC; KRISTEN MARY, DAVID CHUNG, and DOES 1 through 20 | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff State National Insurance Company, Inc. ("Plaintiff") hereby brings this complaint against defendants Chris Fitzsimons and CCFDCY I, LLC (collectively "Insured Defendants") as well as Kristen Mary and David Chung (collectively "Tenant Defendants"). Plaintiff alleges as follows:

1

## INTRODUCTION

2   1.     Plaintiff is affording a defense to the Insured Defendants in an

3   underlying action filed by the Tenant Defendants entitled *Mary, et al v. Christine*

4   *Fitzsimons, et al.,* San Francisco Superior Court Case No. CGC-20-587773 ("the

5   underlying action"). (Attached as **Exhibit 1** is a true and correct copy of the

6   complaint filed in the underlying action.) Plaintiff seeks a declaration that it has

7   no duty to indemnify Insured Defendants in the underlying action pursuant to

8   insurance policies Plaintiff issued. Plaintiff also seeks reimbursement of defense

9   fees and costs it expended on behalf of Insured Defendants to defend against non-

10  covered claims.

11

## THE PARTIES

12  2.     Plaintiff is now and was at all relevant times a corporation formed

13  under the laws of the State of Texas with its principal place of business in

14  Bedford, Texas. At all times mentioned in this complaint, Plaintiff has been

15  authorized to do business in the State of California.

16  3.     Plaintiff is informed and believes, and thereon alleges that defendant

17  Chris Fitzsimons is an individual residing in San Francisco, California.

18  4.     Defendant CCFDCY I, LLC is a limited liability company organized

19  under the laws of the State of California with its principal place of business in San

20  Francisco, California.

21  5.     Plaintiff is informed and believes, and thereon alleges that defendant

22  Kristen Mary is an individual residing in Tiburon, California.

23  6.     Plaintiff is informed and believes, and thereon alleges that defendant

24  David Chung is an individual residing in Tiburon, California.

25

## JURISDICTION AND VENUE

26  7.     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201

27  and Rule 57 of the Federal Rules of Civil Procedure to resolve an actual

28  controversy between the parties as set forth herein. This Court has jurisdiction

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

267369924v.1

over this action pursuant to 28 U.S.C § 1332, because there is complete diversity of citizenship between Plaintiff, on one hand, and the insured defendants and tenants, on the other, and there is more than $75,000 in controversy.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(a). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because this is a civil action in which subject matter jurisdiction is founded only on diversity of citizenship and the action is brought in a judicial district in California where Insured Defendants were doing business in at all relevant times and in which the policies were issued to Insured Defendants.

## FACTUAL BACKGROUND

## The Insurance Policies

9.      Plaintiff issued an insurance policy containing Commercial General Liability ("CGL") coverage to CCFDCY I, LLC, designated as Policy No. QJT-SN002534-00, effective August 24, 2018 to August 24, 2019. The policy was renewed as Policy No. QJT-SN002534-01, effective August 24, 2019 to August 24, 2020 (complaint "the policies"). The policies contain limits of $1 million for Each Occurrence and $1 million for Personal and Advertising Injury, subject to a $2 million General Aggregate Limit (including Products-Completed Operations). The CGL declarations for the policy identifies Location Number 1 as 2835 Steiner St., San Francisco, CA 94123. The policies insure CCFDCY I, LLC as a limited liability company with Classification 60010: Apartment Buildings.  CGL coverage is provided under Form CG 00 01 04 13.

10.     The coverage form includes the following pertinent terms:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.   Insuring Agreement

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

267369924v.1

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3)  Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

* * *

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

## COVERAGE B- PERSONAL AND ADVERTISING INJURY LIABILITY

### 1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.

b.   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

\* \* \*

### 2. Exclusions

This insurance does not apply to:

\* \* \*

### f. Breach of Contract

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement."

\* \* \*

## SUPPLEMENTARY PAYMENTS – COVERAGES A AND B

1.  We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

\* \* \*

e. All court costs taxed against the insured in the "suit".  However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

\* \* \*

## SECTION II – WHO IS AN INSURED

1.     If you are designated in the Declarations as:

6

\* \* \*

   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

\* \* \*

2. Each of the following is also an insured:

   b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

\* \* \*

**SECTION V- DEFINITIONS**

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

\* \* \*

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

\* \* \*

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

7

267369924v.1

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

The policies contain the following endorsements in pertinent part:

## ABSOLUTE LEAD EXCLUSION

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

* * *

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" for past, present or future claims arising in whole or in part, either directly or indirectly, out of the suspected, actual or alleged:

a.      Manufacture of;

b.      Distribution of;

c.      Transportation of;

d.      Sale of;

e.      Resale of;

f.      Re-branding of;

g.      Installation of;

h.      Repair of;

i.      Removal of;

j.      Encapsulation of;

k.      Abatement of;

l.      Replacement of;

m.      Carried on clothing;

n.      Handling of;

o.      Storage of;

p.      Ingestion of;

q.      Absorption of;

r.      Physical exposure to; or

s.      Testing for

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

267369924v.1

lead paint or other products containing lead whether or not the lead is or was at any time airborne as a particle, contained in a product ingested, inhaled, transmitted in any fashion, or found in any form whatsoever.

In addition this exclusion applies to:

(1)  The costs of clean up or removal of lead or products and materials containing lead;

(2)  The cost of such actions as may be necessary to monitor, assess and evaluate the release or threat of release of lead or products and material containing lead:

(3)  The cost of disposal of lead substances or the taking of such other action that may be necessary to temporarily or permanently prevent, minimize or mitigate damage to the public health or welfare or to the environment, which may otherwise result;

(4)  The cost of compliance with any law or regulation regarding lead.

The company does not have any obligation to defend, adjust, investigate or pay any cost for investigation, defense, adjustment, or attorney fees which are excluded under the terms of this endorsement.

All other terms and conditions remain the same.

\* \* \*

**The Underlying Action**

11.     On November 17, 2020, Tenant Defendants filed the underlying action against Insured Defendants. The underlying action involves one unit located at 2835 Steiner St., # 2, San Francisco, CA 94123 ("the property"). (Ex. 1, ¶ 11.)  The complaint lists causes of action for (1) negligence; (2) breach of the implied warranty of habitability; (3) breach of the implied warranty of quiet enjoyment; (4) intentional infliction of emotional distress; (5) breach of contract;

9

(6) breach of covenant of good faith and fair dealing; (7) private nuisance; and (8) violation of S.F. Admin. Code, Ch. 37. (Ex. 1.)

12.    Tenant Defendants allege that Insured Defendants owned and managed the property and that Fitzsimons is the agent and property manager of CCFDCY. (Ex. 1, ¶¶ 3, 12.)

13.    Tenant Defendants allege they were tenants at the property from July 2007 to November 9, 2019. During that tenancy, substantial defective conditions allegedly existed at the property. These conditions included violations of the City of San Francisco Building Code and the City of San Francisco Health Department for which Insured Defendants received notices of violation. Insured Defendants allegedly received notice that work on the property was illegal, uninhabitable, and was performed without permits, and **exposed Tenant Defendants to unsafe, illegal, and severe levels of lead contamination**.  Ms. Mary was pregnant at this time.

14.    Tenant Defendants allege that Insured Defendants constructively evicted them from the unsafe, dangerous, and uninhabitable unit. (Ex. 1 ¶ 15.) Tenant Defendants prayed for: (1) compensatory damages; (2) general damages; (3) special damages; (4) attorneys' fees and costs (only as to breach of contract and breach of the covenant of good faith and fair dealing); (5) punitive damages (only as to private nuisance and intentional infliction of emotional distress); (6) attorneys' fees and costs pursuant to S.F. Admin. Code (only as to violation of S.F. Admin Code, Ch. 37); and (7) treble damages pursuant to S.F. Admin. Code (only as to violation of S.F. Admin Code, Ch. 37).

15.    On October 13, 2019, Insured Defendants gave notice to terminate the tenancies of Tenant Defendants. On November 12, 2019, Tenant Defendants vacated the unit.

16.    Plaintiff is informed and believes, and thereon alleges, that in November 2019, as soon as Tenant Defendants vacated the property, Tenant

Defendants and Insured Defendants engaged in settlement discussions regarding the claims that gave rise to the underlying action. Tenant Defendants claimed they incurred $7,138 in damages for their tangible property losses. Insured Defendants offered $2,100 if Tenant Defendants returned some of the replacement property Tenant Defendants had purchased to Insured Defendants, or alternatively, $1,200 if Tenant Defendants kept the purchased property. No settlement was reached, and Tenant Defendants subsequently filed the underlying action. Insured Defendants did not notify Plaintiff of Tenant Defendants' claims or the subsequent settlement negotiations.

17.     Pursuant to Tenant Defendants' written discovery responses in the underlying action, Tenant Defendants' claimed damages in the underlying action arise from Ms. Mary's alleged injuries while pregnant because of lead exposure. Tenant Defendants claim approximately $300,000 in special damages, primarily related to Ms. Mary's alleged pregnancy complications and postpartum hospitalization, which plaintiffs attribute to stress caused by the lead abatement during the late-term of Ms. Mary's pregnancy.

## CAUSES OF ACTION

### First Cause of Action

### Declaratory Relief against All Defendants

**(No Duty to Indemnify Insured Defendants in the Underlying Action)**

18.     Plaintiff refers to and incorporates herein by reference each and every allegation set forth above as if set forth here in full.

19.     Tenant Defendants' claimed damages in the underlying action arise from Ms. Mary's alleged injuries while pregnant because of lead exposure. Tenant Defendants' claimed damages are not covered under the policies, as they are subject to the Absolute Lead Exclusion, which provides there is no coverage for past, present, or future claims arising in whole or in part, either directly or indirectly, out of the suspected, actual or alleged removal of, repair of, abatement

of, handling of, ingestion of, storage of, or physical exposure to lead paint or other products containing lead.

20.     In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the policies, Plaintiff contends it has no duty to indemnify Insured Defendants in the underlying action for any damages arising out of lead exposure.

21.     Plaintiff is informed and believes and thereon alleges that defendants contend that there is coverage under the policies for the underlying action, and that Plaintiff has a duty to indemnify Insured Defendants in connection with the underlying action under the policies.

22.     An actual dispute and controversy exists between Plaintiff and defendants as to coverage under the policies for the underlying action and Plaintiff's lack of a duty to indemnify Insured Defendants under the policies and applicable law, and a judicial determination is necessary to resolve this dispute.

23.     Plaintiff seeks a declaration from this Court that there is no coverage for the underlying action and that Plaintiff has no obligation to indemnify Insured Defendants for any damages arising out of lead exposure in the underlying action.

## Second Cause of Action

### Declaratory Relief against All Defendants

#### (No Duty to Indemnify: Failure to Provide Notice)

24.     Plaintiff refers to and incorporates herein by reference each and every allegation set forth above as if set forth here in full.

25.     The policies require that Insured Defendants give Plaintiff notice of any occurrence or offense as soon as practicable.

26.     Plaintiff is informed and believes, and thereon alleges that Tenant Defendants made claims against Insured Defendants as soon as they vacated the property in November 2019. Tenant Defendants and Insured Defendants engaged in settlement discussions at that time. During those discussions, Tenant

Defendants made a demand of $7,138.00 to resolve the claim that gave rise to the underlying action. Insured Defendants made counter-offers in the $1,000 to $2,000 range. Insured Defendants did not notify Plaintiff of Tenant Defendants' claims as required under the policies.

27.    Insured Defendants' failure to notify Plaintiff of Tenant Defendants' claims in November 2019, and the demand of less than $8,000.00 has substantially prejudiced Plaintiff. Specifically, Insured Defendants' failure to notify Plaintiff denied Plaintiff the opportunity to reach a settlement with Tenant Defendants for the pre-litigation demand of less than $8,000.00.

28.    In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the policies, Plaintiff contends it has no duty to indemnify Insured Defendants in the underlying action for failure to comply with the notice provision in the policies.

29.    Plaintiff is informed and believes and thereon alleges that defendants contend that there is coverage under the policies for the underlying action, and that Plaintiff has a duty to indemnify Insured Defendants in connection with the underlying action under the policies.

30.    An actual dispute and controversy exists between Plaintiff and defendants as to coverage under the policies for the underlying action and Plaintiff's lack of a duty to indemnify Insured Defendants under the policies and applicable law, and a judicial determination is necessary to resolve this dispute.

31.    Plaintiff seeks a declaration from this Court that there is no coverage for the underlying action and that Plaintiff has no obligation to indemnify Insured. Defendants because of the failyre to comply with the notice provision.

///

///

///

///

### Third Cause of Action

### Declaratory Relief against All Defendants

**(No Duty to Indemnify for Intentional Infliction of Emotional Distress)**

32.     Plaintiff refers to and incorporates herein by reference each and every allegation set forth above as if set forth here in full.

33.     In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the policies, Plaintiff contends it has no duty to indemnify Insured Defendants for the intentional infliction of emotional distress claim asserted in the underlying action under the policies or applicable law, in whole or in part.

34.     Plaintiff is informed and believes and thereon alleges that defendants contend that there is coverage under the policies for the cause of action for intentional infliction of emotional distress under the policies.

35.     An actual dispute and controversy exists between Plaintiff and defendants as to coverage under the policies for the underlying action and Plaintiff's lack of a duty to indemnify Insured Defendants with respect to the intentional infliction of emotional distress claim alleged in the underlying action under the policies and applicable law, and a judicial determination is necessary to resolve this dispute.

36.     Plaintiff seeks a declaration from this Court that there is no coverage for the intentional infliction of emotional distress claim asserted in the underlying action and that Plaintiff has no obligation to indemnify the Insured Defendants with respect to the intentional infliction of emotional distress claim alleged in the underlying action.

///

///

///

///

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

267369924v.1

## **Fourth Cause of Action**

### **Declaratory Relief against All Defendants**

**(No Duty to Indemnify for Breach of Contract Claim)**

37.     Plaintiff refers to and incorporates herein by reference each and every allegation set forth above as if set forth here in full.

38.     In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the policies, Plaintiff contends it has no duty to indemnify Insured Defendants for the cause of action for breach of contract asserted in the underlying action under the policies or applicable law, in whole or in part.

39.     Plaintiff is informed and believes and thereon alleges that defendants contend that there is coverage under the policies for the cause of action for breach of contract under the policies.

40.     An actual dispute and controversy exists between Plaintiff and defendants as to coverage under the policies for the underlying action and Plaintiff's lack of a duty to indemnify Insured Defendants with respect to the breach of contract claim alleged in the underlying action under the policies and applicable law, and a judicial determination is necessary to resolve this dispute.

41.     Plaintiff seeks a declaration from this Court that there is no coverage for the breach of contract claim asserted in the underlying action and that Plaintiff has no obligation to indemnify the Insured Defendants with respect to that claim.

## **Fifth Cause of Action**

### **Declaratory Relief against All Defendants**

**(No Duty to Indemnify for Breach of Covenant of Good Faith)**

42.     Plaintiff refers to and incorporates herein by reference each and every allegation set forth above as if set forth here in full.

43.     In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the policies, Plaintiff contends it has

267369924v.1

no duty to indemnify Insured Defendants for the cause of action for breach of covenant of good faith and fair dealing asserted in the underlying action under the policies or applicable law, in whole or in part.

44.     Plaintiff is informed and believes and thereon alleges that defendants contend that there is coverage under the policies for the cause of action for breach of contract under the policies.

45.     An actual dispute and controversy exists between Plaintiff and defendants as to coverage under the policies for the underlying action and Plaintiff's lack of a duty to indemnify Insured Defendants with respect to the breach of covenant of good faith and fair dealing claim alleged in the underlying action under the policies and applicable law, and a judicial determination is necessary to resolve this dispute.

46.     Plaintiff seeks a declaration from this Court that there is no coverage for the breach of covenant of good faith and fair dealing claim asserted in the underlying action and that Plaintiff has no obligation to indemnify the Insured Defendants with respect to that claim.

### Sixth Cause of Action

### Declaratory Relief against All Defendants

### (No Duty to Indemnify for Tenant Defendants' Attorney's Fees and Costs)

47.     Plaintiff refers to and incorporates herein by reference each and every allegation set forth above as if set forth here in full.

48.     Tenant Defendants pray for attorneys' fees and costs in the underlying action.

49.     The policies Supplementary Payment Provision excludes coverage for the underlying plaintiffs' Attorneys' Fees and Costs.

50.     Plaintiff also relies upon all additional terms, definitions, exclusions, conditions, and endorsements in the policies not specifically identified herein that potentially limit or preclude coverage for attorneys' fees and costs.

51.     In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the policies, Plaintiff contends it has no duty to indemnify Insured Defendants for Tenant Defendants' attorneys' fees and costs in the underlying action.

52.     Plaintiff is informed and believes and thereon alleges that defendants contend that there is actual coverage under the policies for the underlying action, and that Plaintiff has a duty to indemnify Insured Defendants in connection with the prayer for attorneys' fees and costs asserted in the underlying action under the policies.

53.     An actual dispute and controversy exists between Plaintiff and defendants as to coverage under the policies for the underlying action and Plaintiff's lack of a duty to indemnify Insured Defendants with respect to the prayer for attorneys' fees and costs alleged in the underlying action under the policies and applicable law, and a judicial determination is necessary to resolve this dispute.

54.     Plaintiff seeks a declaration from this Court that there is no coverage for Tenant Defendants' attorneys' fees and costs in the underlying action and that Plaintiff has no obligation to indemnify the Insured Defendants with respect to those attorneys' fees and costs.

## **Seventh Cause of Action**

## **Declaratory Relief against All Defendants**

### **(No Duty to Indemnify for Treble Damages or Punitive Damages)**

55.     Plaintiff refers to and incorporates herein by reference each and every allegation set forth above as if set forth here in full.

56.     Tenant Defendants pray for treble damages and punitive damages in the underlying action.

57.     There is no coverage for treble damages and punitive damages under the policies and/or California law.

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

58.     Plaintiff also relies upon all additional terms, definitions, exclusions, conditions, and endorsements in the policies not specifically identified herein that potentially limit or preclude coverage for treble and/or punitive damages.

59.     In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the policies, Plaintiff contends it has no duty to indemnify Insured Defendants for treble damages or punitive damages in the underlying action.

60.     Plaintiff is informed and believes and thereon alleges that defendants contend that there is actual coverage under the policies for the underlying action, and that Plaintiff has a duty to indemnify Insured Defendants in connection with treble and punitive damages in the underlying action under the policies.

61.     An actual dispute and controversy exists between Plaintiff and defendants as to coverage under the policies for the underlying action and Plaintiff's lack of a duty to indemnify Insured Defendants with respect to treble and/or punitive damages in the underlying action under the policies and applicable law, and a judicial determination is necessary to resolve this dispute.

## Eighth Cause of Action

## For Reimbursement of Defense Fees and Costs

62.     Plaintiff refers to and incorporates herein by reference each and every allegation set forth above as if set forth here in full.

63.     Plaintiff agreed to defend Insured Defendants in the underlying action under a reservation of rights, including the right to seek reimbursement of attorneys' fees and costs expended to defend Insured Defendants for claims not covered under the policies.

64.     There is no coverage for the underlying action under the policies.

65.     Accordingly, Plaintiff is entitled to reimbursement for the full amount it expended to defend the Insured Defendants in the underlying action with interest.

**Ninth Cause of Action**

**Declaratory Relief against All Defendants**

**(No Duty to Indemnify for Civil Penalties)**

66.     Plaintiff refers to and incorporates herein by reference each and every allegation set forth above as if set forth here in full.

67.     In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the policies, Plaintiff contends it has no duty to indemnify Insured Defendants for the cause of action for Violation of San Francisco Administrative Code, Ch. 37 and the related monetary penalties.

68.     Plaintiff is informed and believes and thereon alleges that defendants contend that there is coverage under the policies for these damages.

69.     An actual dispute and controversy exists between Plaintiff and defendants as to coverage under the policies for the underlying action and Plaintiff's lack of a duty to indemnify Insured Defendants with respect to damages for monetary penalties in the underlying action under the policies and applicable law, and a judicial determination is necessary to resolve this dispute.

70.     Plaintiff seeks a declaration from this Court that there is no coverage for monetary penalties in the underlying action.

**PRAYER FOR RELIEF**

Plaintiff prays for judgment against Insured Defendants as follows:

1.     For a judicial declaration that there is no coverage under the policies for damages arising out of lead exposure, and thus, Plaintiff has no duty to indemnify Insured Defendants in the underlying action;

2.     For a judicial declaration that there is no coverage under the policies, and thus, Plaintiff has no duty to indemnify Insured Defendants based upon breach of the Notice Provision in the policies and the prejudice it caused Plaintiff;

3.     For a judicial declaration that there is no coverage under the policies, and thus, Plaintiff has no duty to indemnify Insured Defendants with respect to

the cause of action for intentional infliction of emotional distress in the underlying action;

4.    For a judicial declaration that there is no coverage under the policies, and thus, Plaintiff has no duty to indemnify Insured Defendants with respect to the breach of contract claim alleged in the underlying action;

5.    For a judicial declaration that there is no coverage under the policies and thus, Plaintiff has no duty to indemnify Insured Defendants with respect to the breach of covenant of good faith and fair dealing claim alleged in the underlying action;

6.    For a judicial declaration that there is no coverage under the policies for Tenant Defendants' attorneys' fees and costs in the underlying action;

7.    For a judicial declaration that there is no coverage under the policies, and thus, Plaintiff has no duty to indemnify Insured Defendants for treble and punitive damages;

8.    For reimbursement of attorney's fees and costs Plaintiff incurred to defend Insured Defendants  in the underlying action according to proof;

9.    For a judicial declaration that there is no coverage under the policies, and that Plaintiff has no duty to indemnify Insured Defendants for monetary penalties;

10.    For such other and further relief as the Court deems just and proper.

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT
267369924v.1

1   Dated:  June 29, 2022                        WILSON, ELSER, MOSKOWITZ,
2                                                      EDELMAN & DICKER LLP

3

4

5                                          By: /s/  *Danica Lam*
6                                                Michelle R. Press
7                                                Danica Lam
                                                 Attorneys for Plaintiff STATE
8                                                NATIONAL INSURANCE CO.,
                                                 INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT
267369924v.1